IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN FOUNDS,<br>Plaintiff,<br>v. | : | CIVIL ACTION<br><br>FILED ELECTRONICALLY |
| EVERGREEN SENIOR MANAGEMENT LLC, HERITAGE SENIOR LIVING LLC, and CARE HSL HARLEYSVILLE OPCO LP (d/b/a The Birches at Harleysville),<br>Defendants. | : | JURY TRIAL DEMANDED |

**COMPLAINT**

Susan Founds ("Plaintiff") brings this lawsuit against Evergreen Senior Management LLC ("Evergreen"), Heritage Senior Living LLC ("Heritage"), and Care HSL Harleysville Opco LP (d/b/a The Birches at Harleysville) ("Care HSL") (collectively "Defendants"), seeking all available relief under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq.

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is proper under 28 U.S.C. § 1331 and § 1367.

2. Venue in this Court is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this judicial district.

3. On January 23, 2025, Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), requesting dual-filing with the Pennsylvania Human Relations Commission ("PHRC"). The EEOC granted Plaintiff with notice of her right to sue, *see* Exhibit A, and more than one year has elapsed since Plaintiff filed her PHRC

Charges. Thus, Plaintiff has satisfied the applicable administrative prerequisites for pursuing her ADEA and PHRA claims.

## PARTIES

4. Plaintiff resides in Bethlehem, PA (Lehigh County).

5. Evergreen is a corporate entity with its principal place of business at 765 Skippack Pike, Suite 300, Blue Bell, PA 19422 (Montgomery County).

6. Heritage is a corporate entity with its principal place of business at 660 Sentry Parkway, Suite 220, Blue Bell, PA 19422 (Montgomery County).

7. Care HSL is a corporate entity that upon information and belief maintains a principal place of business at 691 Main Street, Harleysville, PA 19438 (Montgomery County).

8. Plaintiff is an employee covered by the FMLA, ADEA, and PHRA.

9. Defendants are employers covered by the FMLA, ADEA, and PHRA.

## FACTS

10. From approximately April 2021 until November 4, 2024, Plaintiff worked as a Resident Life Director at the Harleysville, PA assisted living facility known as The Birches at Harleysville ("the facility").

11. Evergreen identified itself as Plaintiff's employer on her IRS W-2 form and in the employee handbook issued to Plaintiff. In fact, however, Plaintiff was jointly employed by all three Defendants. For example, Plaintiff worked pursuant to a job description issued by Heritage. Moreover, in identical position statements filed with the EEOC in the underlying administrative proceedings, both Heritage and Evergreen represented that Plaintiff "worked for [Care HSL]" and that the facility is "managed" by Heritage pursuant to a "management contract."

12. At the time of her termination, Plaintiff was 69 years old and fully qualified to perform her job duties as Resident Life Director.

13. Justin Mason, the facility's Executive Director, directly supervised Plaintiff. Mr. Mason repeatedly made ageist statements to Plaintiff. For example: **(i)** in August 2024, Mr. Mason falsely told Plaintiff that a visitor "heard you were retiring" and "volunteered to send you retirement flowers;" **(ii)** in September 2024, Mr. Mason told Plaintiff "your birthday is coming up and you need to retire;" and **(iii)** in October 2024, Mr. Mason told Plaintiff "you're now 69" and "it's time to retire."

14. On approximately October 31, 2024, Plaintiff requested from Mr. Mason FMLA leave to care for her husband, who was undergoing dialysis treatments. Mr. Mason denied the request and angrily shoved Plaintiff's FMLA paperwork into his binder.

15. Four days later, on November 4, 2024, Mr. Mason terminated Plaintiff's employment.

16. Following Plaintiff's termination, Defendants replaced her with a substantially younger employee who was in his late twenties.

17. Defendants terminated Plaintiff's employment because she requested FMLA leave to care for her husband and/or because of her age.

18. As a result of Defendants' discriminatory conduct and termination, Plaintiff has suffered lost past and future earnings and has experienced emotional pain and suffering.

## **COUNT I – FMLA INTERFERENCE**

19. All previous paragraphs are incorporated as though fully set forth herein.

20. An employee may succeed on an FMLA interference claim by showing that she "was entitled to benefits under the FMLA that h[er] employer *discouraged or* prohibited h[er]

from using." *Rodriquez v. Southeastern Pennsylvania Transportation Authority*, 119 F.4th 296, 298 (3d Cir. 2024) (emphasis supplied); *Conoshenti v. Pub. Serv. Electric & Gas Co.*, 364 F.3d 135, 142 (3d Cir. 2004) (recognizing that discouraging an employee from using FMLA leave constitutes interference).[1]

21. Plaintiff was eligible for and entitled to FMLA leave to care for her husband, who suffered from a serious health condition.

22. Defendants unlawfully interfered with Plaintiff's exercise of FMLA rights by, among other things, denying Plaintiff's request for FMLA leave, and terminating her employment shortly after she requested FMLA leave.

23. Defendants willfully violated the FMLA by acting in reckless disregard of its legal mandates.

**COUNT II – FMLA RETALIATION**

24. All previous paragraphs are incorporated as though fully set forth herein.

25. The FMLA prohibits an employer from "discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c); *see also Budhun v. Reading Hospital & Medical Center*, 765 F.3d 245, 251 (3d Cir. 2014) ("An employer faces liability under the [FMLA] and its implementing regulations if it . . . retaliates against an employee for invoking the Act's protections.").

26. Defendants retaliated against Plaintiff by terminating her employment because she requested FMLA leave to care for her husband.

27. Defendants willfully violated the FMLA by acting in reckless disregard of its

[1] *Accord Woods v. AstraZeneca Pharmaceuticals, L.P.*, 659 F. Supp. 3d 512, 539 (M.D. Pa. 2023); *Grosso v. Fed. Express Corp.*, 467 F. Supp. 2d 449, 465 (E.D. Pa. 2006).

legal mandates.

**COUNT III**
**(Alleging Violations of the ADEA)**

28. All previous paragraphs are incorporated as though fully set forth herein.

29. The ADEA prohibits an employer from subjecting an employee to adverse employment actions based on the employee's age.

30. Defendants willfully violated the ADEA by terminating Plaintiff's employment because of her age.

**COUNT IV**
**(Alleging Violations of the PHRA)**

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The PHRA prohibits an employer from subjecting an employee to adverse employment actions based on the employee's age.

33. Defendants violated the PHRA by terminating Plaintiff's employment because of her age.

**JURY DEMAND**

Plaintiff demands a jury trial.

**PRAYER FOR RELIEF**

Plaintiff seeks the following relief:

A. Recovery of lost past wages, fringe benefits, and out-of-pocket expenditures;

B. Reinstatement or, alternatively, recovery of front pay and fringe benefits;

C. Compensatory damages for Plaintiff's emotional pain and suffering;

D. Prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G. Such other and further relief as the Court deems just and proper.

Date: October 30, 2026

Respectfully,

Mark J. Gottesfeld

Peter Winebrake
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
mgottesfeld@winebrakelaw.com

# Exhibit A

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/21/2026

**To:** Mrs. Susan Founds
100 Woodcrest Drive
Downingtown, PA 19335

Charge No: 530-2025-03007

EEOC Representative and email: Legal Unit
(267) 589- 9707

---

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge. The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of the EEOC's official notice of dismissal. Otherwise, your right to sue based on the above-numbered charge will be lost.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-03007.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
10/21/2026

Karen McDonough
Deputy District Director

**Cc:**
NA NA
691 Main Street
Harleysville, PA 19438

Incident Location
Heritage Senior Living, LLC
691 Main Street
Harleysville, PA 19438

Gloria Holland
Heritage Senior Living
660 Sentry Parkway, Suite 220
Blue Bell, PA 19422

Justin Mason
Evergreen Senior Management
660 Sentry Parkway suite 220
Blue Bell, PA 19422

Mark J Gottesfeld Esq.
Winebrake & Santillo, LLC
715 Twining Road Suite 211
Dresher, PA 19025

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 530-2025-03007 to the Deputy Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 530-2025-03007 to the Deputy Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/21/2026

**To:** Mrs. Susan Founds
100 Woodcrest Drive
Downingtown, PA 19335

Charge No: 530-2025-03008

EEOC Representative and email: Legal Unit
(267) 589- 9707

---

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge. The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of the EEOC's official notice of dismissal. Otherwise, your right to sue based on the above-numbered charge will be lost.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-03008.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
10/21/2026

Karen McDonough
Deputy District Director

**Cc:**
Gloria Holland
Evergreen Senior Management LLC
hollandg@heritagel.com

NA NA
691 Main Street
Harleysville, PA 19438

Justin Mason
Jmason@thebirchesatnewhope.com

Mark J Gottesfeld Esq.
Winebrake & Santillo, LLC
715 Twining Road Suite 211
Dresher, PA 19025

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 530-2025-03008 to the Deputy Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 530-2025-03008 to the Deputy Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.